*In re* ADAMS.

ADAMS *v.* RUSSELL.

PARDON—HABEAS CORPUS—PAROLE—BOARD OF PARDONS.
  The advisory board in the matter of pardons, having no authority under the law to grant a parole to a prisoner whose minimum term has not expired, to take effect after the date he should become eligible to parole, may properly rescind its action in so granting parole prior to the expiration of the prisoner's minimum term of sentence. Act No. 184, Pub. Acts 1905; Act No. 134, Pub. Acts 1909.

Habeas corpus and certiorari by John A. Adams against James Russell, warden of the State prison at Marquette, and others. Submitted April 2, 1912. (Calendar No. 25,057.) Writ quashed April 15, 1912.

*Fred A. Baker*, for petitioner.

*Franz C. Kuhn*, Attorney General (*George S. Law*, of counsel), for respondents.

BLAIR, J. May 3, 1909, petitioner was convicted in the recorder's court of the city of Detroit of the crime of seduction, and upon the same day was sentenced by Judge Connolly to imprisonment in the Marquette prison for the minimum term of $2\frac{1}{2}$ years and the maximum term of 5 years; the court recommending that he serve the maximum term. The sentence was imposed under Act No. 184 of the Public Acts of 1905, providing for indeterminate sentences. May 15, 1910, petitioner was released from said prison by an order of this court made May 13, 1910, admitting him to bail. August 20, 1910, petitioner was returned to prison; this court having in the meantime affirmed his conviction and commanding said warden "to receive and safely keep said defendant for a period equivalent to said unexpired portion of said sentence." December 5, 1911, the advisory board in the matter of pardons acted upon an application for parole which had been made by petitioner under the indeterminate sentence law, and voted to grant him a parole for the period of two months, the parole not to take effect, however, until the 29th day of January, 1912, and upon the same day a written parole, signed by the board, was handed to the warden of the prison. December 14, 1911, the advisory board in the matter of pardons, by resolution, rescinded the previous order granting a parole to petitioner, and wrote the warden to return the written parole to the office of the board. December 17, 1911, the warden, in compliance with the request of the board, returned the parole to the office of the board, where it now remains. March 5, 1912, Adams applied to the Supreme Court for a writ of habeas corpus. The court granted a writ of certiorari under the statute (section 9889) to inquire into the cause of detention, and also a common-law writ of certiorari to bring the record of the advisory board in the matter of pardons into the case before the Supreme Court.

Counsel for the petitioner contends that the advisory board of pardons has no jurisdiction or power under the statute to vacate a parole once granted by it. The power

to vacate a parole by the recommitment of the prisoner is vested in the warden, subject to the approval of the advisory board. That board can disapprove of the reimprisonment of a paroled convict; but it cannot itself vacate the parole, or order the convict to be recommitted. It is substantially conceded by the attorney general that, if the advisory board had jurisdiction and authority to grant the parole at the time it acted, it could not revoke it upon the facts appearing in this case; but he argues that since at the time the board acted upon the application the minimum term of the prisoner had not expired, and would not expire until the 29th day of January, 1912, the board had no jurisdiction to grant the parole.

Section 5 of Act No. 184, Pub. Acts 1905, provides that—

"Prisoners, under the provisions of this act, shall be eligible to parole only after the expiration of their minimum term of imprisonment, and prisoners who have been twice previously convicted of a felony shall not be eligible to parole."

Section 6 of the act, as amended in 1909, provides that applications shall be made upon uniform blanks to be furnished the wardens, etc., and that—

"It shall be the duty of the warden or superintendent, when requested by a prisoner *whose minimum term of imprisonment has expired and is eligible to a parole,* to furnish such prisoner with a blank application for parole.  * * *  Upon receipt of such application and recommendation the governor or the advisory board in the matter of pardons shall make such investigation in the matter as they may deem advisable," etc.  Act No. 134, Pub. Acts 1909.

The prisoner is not entitled to parole as a matter of right, and whether the board would grant a parole would naturally depend, to a large extent, upon his conduct during the minimum term and the recommendation of the warden required to be indorsed upon his application. It is obvious that, if the board can grant paroles in advance

of the expiration of the minimum term, the conduct of the prisoner may so change after the granting thereof as would make it highly improper to grant him a parole after the expiration of such minimum term. We are satisfied that it was not the intention of the legislature to confer any such power upon the board, and that the provisions quoted clearly negative such intention. We hold, therefore, that the action of the board conferred no rights upon the petitioner, and its rescission of its action worked no injury to him.

The writ is quashed, and the prisoner remanded.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.